**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | |
|---|---|
| **VIRGINA IRIS HUSS,** | § § § § § § § § § § § § § § |
| Plaintiff, | |
| v. | Case No.: |
| **SHARKNINJA OPERATING LLC,** | |
| Defendant. | |

**PLAINTIFF'S COMPLAINT & REQUEST FOR JURY TRIAL**

Plaintiff, **VIRGINA IRIS HUSS** (hereafter referred to as "Plaintiff"), by and through her undersigned counsel, **JOHNSON BECKER, PLLC** and **COHEN & MALAD, LLP,** hereby submit the following Complaint and Demand for Jury Trial against Defendant **SHARKNINJA OPERATING, LLC** and upon information and belief, at all times hereinafter mentioned, alleges as follows:

**NATURE OF THE CASE**

1. Defendant designs, manufacture, markets, imports, distributes and sells consumer products such as blenders, which specifically includes the Ninja Blender, Model BL660 30, (referred to hereafter as "Ninja Blender(s)").

2. The Ninja Blenders are defectively designed and manufactured, in that, the extremely fast-moving blade of the blenders heat the contents of the sealed bullet-shaped canister, which can (and does) unexpectedly explode when being used in its normal and intended manner by consumers. Consumers use the Ninja Blenders without knowledge of the inherent risks. In a matter of short amount of time, the fast-spinning blades can unexpectedly heat up its contents, such that if the blender explodes, the user is at risk of severe burns or lacerations and injuries

requiring medical attention. The Ninja Blenders pose a safety risk to consumers and other individuals who may be in close proximity to the Ninja Blenders when it explodes.

3. The Ninja Blenders have been the subject of numerous lawsuits around the nation for similar experiences and injuries as those suffered by the Plaintiff in this case.

4. Defendant knew or should have known of these defects, but has nevertheless put profit ahead of safety by continuing to sell its Ninja Blenders to consumers, failing to warn said consumers of the serious risks posed by the defects, and failing to recall the dangerously defective Ninja Blenders regardless of the risk of significant injuries to Plaintiff and consumers like her.

5. Defendant ignored and/or concealed its knowledge of these defects in its Ninja Blenders from the Plaintiff in this case, as well as the public in general, in order to continue generating a profit from the sale of said Ninja Blender blenders, demonstrating a callous, reckless, willful, depraved indifference to the health, safety and welfare of Plaintiff and consumers like her.

6. As a direct and proximate result of Defendant's conduct, the Plaintiff in this case incurred significant and painful bodily injuries, medical expenses, physical pain, mental anguish, and diminished enjoyment of life.

## **PLAINTIFF VIRGINA IRIS HUSS**

7. Plaintiff is a resident and citizen of the city of Greenwood, County of Johnson, State of Indiana, and was born on January 29, 1995. Plaintiff is therefore a citizen of the State of Indiana for purposes of diversity jurisdiction under 28 U.S.C. § 1332.

8. On or about August 23, 2021, Plaintiff suffered serious and substantial burn injuries as the direct and proximate result of the SharkNinja blender's blade detaching from blade base during the normal, directed use of the SharkNinja blender. The incident occurred as the result of the SharkNinja Blenders defect(s).

**DEFENDANT SHARKNINJA OPERATING, LLC**

9. Defendant SharkNinja designs, manufacturers, markets, imports, distributes and sells a variety of consumer products, including the subject Ninja Blender. Defendant SharkNinja is a Massachusetts Limited Liability Corporation incorporated in the State of Delaware and has a principal place of business located at 89 A St. # 100, Needham, MA 02494. Defendant SharkNinja has a registered service address Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801.

10. At the time of the initiation of this lawsuit, the sole member of SharkNinja Operating, LLC was EP Midco, LLC, a Massachusetts Limited Liability Company created and organized under the law of the State of Delaware and located at 89 A St. # 100, Needham, MA 02494.

13. Accordingly, Defendant SharkNinja is a resident and citizen of the State of Massachusetts for purposes of diversity jurisdiction under 28 U.S.C. § 1332.

**JURISDICTION & VENUE**

14. This Court has subject matter jurisdiction over this case pursuant to diversity jurisdiction prescribed by 28 U.S.C. § 1332 because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and there is complete diversity between the parties.

15. Venue is proper in this Court pursuant to 28 U.S.C. §1391 because all or a substantial part of the events or omissions giving rise to this claim occurred in this District.

16. Venue is also proper in this Court pursuant to 28 U.S.C. § 1391 because Defendant has sufficient minimum contacts with the State of Indiana and intentionally availed itself of the markets within Indiana through the promotion, sale, marketing, and distribution of its products.

## FACTUAL BACKGROUND

17. All Ninja Blenders, including the Ninja Blender that injured the Plaintiff, essentially have three components: a powered base unit which contains a high-speed motor ("power base") and a plastic lid mounted with metal blades ("blade base"), which screws into the cup and is energized by the base.

18. During the normal, as-directed use of a Ninja Blender, a consumer puts cool or room temperature food into the plastic "bullet" cup. Once the cup is secured to the blade assembly and placed onto the unit's base, the user is able to run the blender by pressing down on the cup. The blades then rotate, creating friction as they cut and chop the cup's contents, which in turn causes the contents to heat up.

19. As the temperature rises inside the cup, the pressure from the frictional energy also rises. The temperature can get so hot that the pressure inside the cup forces the cup to separate from the blade while the blender is still running. This can cause the hot contents of the cup to explosively project outward without warning, landing on anyone and anything nearby.

20. Even if the cup does not separate from the blender while in use, the user is still at risk. If the contents of the cup are hot and under pressure when the cup is opened, the hot contents can again be explosively ejected onto the user, causing severe lacerations from a detached blade.

21. The Ninja Blenders have been manufactured such that consumers cannot safely use them in the intended manner without risk of the Ninja Blender exploding which may result in physical injury or property damage.

22. There is no pressure relief built into the plastic cup other than unscrewing the lid.

23. Furthermore, there are no indicators for pressure build-up except for resistance upon twisting the lid. The consumer lacks any obvious way to judge the danger of or the amount

of pressure and heat buildup without handling the cup directly, thereby exposing the consumer to the release of hot contents or the blade base itself.

24. By reason of the forgoing acts or omissions, the above-named Plaintiff purchased the Ninja Blender with the reasonable expectation that it was properly designed and manufactured, free from defects of any kind, and that it was safe for its intended, foreseeable use of blending.

25. Plaintiff used her Ninja Blender for its intended purpose of preparing meals for herself and/or family and did so in a manner that was reasonable and foreseeable by Defendant.

26. However, the aforementioned Ninja Blender was defectively designed and manufactured by Defendants in that its plastic cup could explosively separate from the blade base during the normal, directed use of the Ninja Blender, allowing its scalding hot contents to be forcefully ejected onto consumers such as the Plaintiff.

27. Defendant's Ninja Blenders possess defects that make them unreasonably dangerous for their intended use by consumers because the plastic cup can explosively separate from the blade base.

28. Economic, safer alternative designs were available that could have prevented the Ninja Blender blender's plastic cup from explosively separating from the blade base. Examples of such designs include, but are not limited to, the following examples:

    a. Designing the Ninja Blender with pressure relief built into the plastic cup other than unscrewing the lid;

    b. Designing the Ninja Blender with indicators for pressure build-up within the plastic cup; and

    c. Packaging the blade with the blade base appropriately so as not to come detached in use or open unpackaging the product.

29. As a direct and proximate result of Defendant's intentional concealment of such defects, its failure to warn consumers of such defects, its negligent misrepresentations, its failure

to remove a product with such defects from the stream of commerce, and its negligent design of such products, Plaintiff used an unreasonably dangerous blender, which resulted in significant and painful bodily injuries.

30. Consequently, the Plaintiff in this case seeks damages resulting from the use of Defendant's blender as described above, which has caused the Plaintiff to suffer from serious bodily injuries, medical expenses, physical pain, mental anguish, diminished enjoyment of life, and other damages.

## CLAIMS FOR RELIEF

### COUNT I
### INDIANA PRODUCT LIABILITY ACT

31. Plaintiff incorporates by reference all preceding paragraphs and allegations of this Complaint as though fully set forth herein.

32. At all times relevant herein, Defendant was in the business of designing, manufacturing, marketing and selling the Ninja Blenders to consumers such as Plaintiff.

33. As designers, manufacturers, and sellers of the blender, Defendant is liable to Plaintiff for her injuries and damages under Indiana law as:

   a. Plaintiff was harmed by the defective condition of the blender which permitted the explosive expulsion of hot contents out of the blender and causing Plaintiff severe burn injuries;

   b. The defective condition existed at the time it was distributed or sold by Defendant;

   c. Plaintiff was a foreseeable user or consumer of the blender;

   d. Defendant was in the business of selling the blender; and

   e. The blender reached the Plaintiff in the condition it was sold.

34. As designed and manufactured, the blender was in a defective condition because at the time it was sold or otherwise distributed by the Defendant it was in a condition (a) not

contemplated by reasonable persons among those considered expected users or consumers of the blender; and (b) that was unreasonably dangerous to the expected user or consumer when used in a reasonably expectable way of handling or consumption.

35. As labeled, the blender was defective because Defendant failed to properly package the blender to give reasonable warnings of danger about the product and Defendant failed to give reasonably complete instructions on the proper use of the blender when the Defendant by exercising diligence, could have made such warnings or instructions available to Plaintiff.

36. Defendant is strictly liable to Plaintiff for any manufacturing defect which permitted the blender to be distributed or sold in the defective condition.

37. Defendant failed to exercise reasonable care under the circumstances in designing the blender which permitted the blender to be distributed or sold in the defective condition and are liable for Plaintiff's resulting injuries and damages under Indiana law.

38. Defendant failed to exercise reasonable care under the circumstances in providing the warning or instructions for the blender which permitted the blender to be distributed or sold in a defective condition and are liable for Plaintiff's resulting injuries and damages under Indiana law.

39. As a direct and proximate result of the defective condition of the blender, Plaintiff sustained injuries and damages for which Defendant is liable under Indiana law.

## INJURIES & DAMAGES

40. As a direct and proximate result of Defendant's negligence and wrongful misconduct as described herein, Plaintiff has suffered and will continue to suffer physical and emotional injuries and damages including past, present, and future physical and emotional pain

and suffering as a result of the incident. Plaintiff is entitled to recover damages from Defendant for these injuries in an amount which shall be proven at trial.

41. As a direct and proximate result of Defendant's negligence and wrongful misconduct, as set forth herein, Plaintiff has incurred and will continue to incur the loss of full enjoyment of life and disfigurement as a result of the incident. Plaintiff is entitled to recover damages for loss of the full enjoyment of life and disfigurement from Defendant in an amount to be proven at trial.

8. As a direct and proximate cause of Defendant's negligence and wrongful misconduct, as set forth herein, Plaintiff has and will continue to incur expenses for medical care and treatment, as well as other expenses, as a result of the severe burns she suffered as a result of the incident. Plaintiff is entitled to recover damages from Defendants for her past, present and future medical and other expenses in an amount which shall be proven at trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment against the Defendant as follows:

A. That Plaintiff has a trial by jury on all of the claims and issues;

B. That judgment be entered in favor of the Plaintiff and against Defendant on all of the aforementioned claims and issues;

C. That Plaintiff recover all damages against Defendant, general damages and special damages, including economic and non-economic, to compensate the Plaintiff for her injuries and suffering sustained because of the use of the Defendants' defective blender;

D. That all costs be taxed against Defendant;

E. That prejudgment interest be awarded according to proof;

F. That Plaintiff be awarded attorney's fees to the extent permissible under Federal and Indiana law; and

G. That this Court awards any other relief that it may deem equitable and just, or that may be available under the law of another forum to the extent the law of another forum is applied, including but not limited to all reliefs prayed for in this Complaint and in the foregoing Prayer for Relief.

Respectfully submitted,

**COHEN & MALAD, LLP**

Dated: August 14, 2023

*/s/ Lynn A. Toops*
Lynn A. Toops, Esq. (No. 26386-49)
Amina A. Thomas, Esq. (No. 34451-49)
One Indiana Square, Suite 1400
Indianapolis, IN 46204
(317) 636-6481
ltoops@cohenandmalad.com
athomas@cohenandmalad.com

*In association with*:

.

**JOHNSON BECKER, PLLC**

Adam J. Kress (MN#0397289)
Anna Rick, Esq. (MN #0401065)
*Pro Hac Vice to be filed*
444 Cedar Street, Suite 1800
St. Paul, MN 55101
Telephone: (612) 436-1800
Fax: (612) 436-1801
Email: akress@johnsonbecker.com
arick@johnsonbecker.com

Case 1:23-cv-01435-JMS-MKK   Document 1   Filed 08/14/23   Page 10 of 11 PageID #: 10

Case 1:23-cv-01435-JMS-MKK     Document 1     Filed 08/14/23     Page 11 of 11 PageID #: 11