UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| VIRGINIA IRIS HUSS, | ) | |
| | ) | |
| *Plaintiff*, | ) | |
| | ) | 1:23-cv-01435-JMS-MKK |
| *vs.* | ) | |
| | ) | |
| SHARKNINJA OPERATING LLC, | ) | |
| | ) | |
| *Defendant.* | ) | |

## **ORDER**

Plaintiff has filed a Complaint in which she alleges that this Court has diversity jurisdiction over this matter. The Court notes the following issue with Plaintiff's jurisdictional allegations:

- Plaintiff has not adequately alleged the citizenship of an unincorporated association. The citizenship of an unincorporated association is "the citizenship of all the limited partners, as well as of the general partner." *Hart v. Terminex Int'l*, 336 F.3d 541, 542 (7th Cir. 2003). "[T]he citizenship of unincorporated associations must be traced through however many layers of partners or members there may be." *Id.* at 543. Asserting that all members are citizens of a certain state, or that no members are citizens of a certain state, is insufficient. *See Guaranty Nat'l Title Co., Inc. v. J.E.G. Assocs.*, 101 F.3d 57, 59 (7th Cir. 1996) (alleging that all partners of limited partnership were citizens of Massachusetts was insufficient to establish diversity jurisdiction); *Thomas v. Guardsmark, LLC*, 487 F.3d 531, 534 (7th Cir. 2007) ("blanket declaration" that partners of limited liability company were citizens of state different than state of opposing party's citizenship was insufficient to establish diversity jurisdiction). Rather, Plaintiff must provide the name and citizenship of each member, traced down to the lowest layer, in order for the Court to determine whether diversity jurisdiction exists. *See Guaranty Nat'l Title Co., Inc.* 101 F.3d at 59 (in order to determine citizenship of a limited partnership, court "need[ed] to know the name and citizenship(s) of its general and limited partners"). Here, while Plaintiff states that the sole member of Defendant Sharkninja Operating, LLC is EP Midco, LLC, it has not provided the citizenships of EP Midco, LLC's members, traced down to the lowest level.

The Court is not being hyper-technical: Counsel has a professional obligation to analyze subject-matter jurisdiction, *Heinen v. Northrop Grumman Corp.*, 671 F.3d 669, 670 (7th Cir.

2012), and a federal court always has a responsibility to ensure that it has jurisdiction, *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 427 (7th Cir. 2009). The Court must know the details of the underlying jurisdictional allegations because parties cannot confer jurisdiction on the Court simply by stipulating that it exists. *See Evergreen Square of Cudahy v. Wisconsin Housing and Economic Development Authority*, 776 F.3d 463, 465 (7th Cir. 2015) ("the parties' united front is irrelevant since the parties cannot confer subject-matter jurisdiction by agreement…and federal courts are obligated to inquire into the existence of jurisdiction *sua sponte*").

For these reasons, the Court **ORDERS** Plaintiff to file an Amended Complaint by **September 5, 2023**, which addresses the issues outlined in this Order and properly alleges a basis for this Court's diversity jurisdiction. Defendant need not answer or otherwise respond to the Complaint at which this Order is directed. Defendant is cautioned, however, that when it does respond to the Amended Complaint, and to the extent that it denies any of Plaintiff's jurisdictional allegations or states that it does not have sufficient information to respond to those allegations, the Court will require the parties to conduct whatever investigation is necessary and file a joint jurisdictional statement confirming that all parties are in agreement with the underlying jurisdictional allegations before the litigation moves forward.

Date: 8/15/2023

_____
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only to all counsel of record**